IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WILLIAM A. BARNES, | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | **5:09-CV-332 (CAR)** |
| | : | |
| CITY OF GRAY, GEORGIA, | : | |
| MAYOR OF THE CITY OF GRAY, | : | |
| COUNCIL OF THE CITY OF GRAY, | : | |
| and CHARLIE H. RIDLEY, | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

## ORDER ON DEFENDANTS' MOTION TO DISMISS

Currently before the Court are Defendants' Motions to Dismiss [Docs. 2, 4]. The Court must dismiss Plaintiff's Complaint [Doc. 1]. Although Defendants raise issues of subject matter jurisdiction, which require a relatively detailed initial discussion, Plaintiff's failure to state a claim upon which relief can be granted is ultimately determinative. Plaintiff is proceeding *pro se* in this action and did not respond to Defendants' Motions to Dismiss. Accordingly, and as further explained below, Defendants' Motions are **GRANTED**.

## BACKGROUND

The present dispute arose out of a longstanding conflict between a private landowner and the city of Gray, Georgia, ("City") over a number of inoperable automobiles located on Plaintiff's property. The standoff ultimately led to the City's removal of the vehicles after it enacted a new land use ordinance, which dealt specifically with perceived issues of blight and nuisance that the City contends junked cars create. For several years, Plaintiff has owned land in the City on which he operates "a mechanical work and online parts store." (Compl., Page 4). As

part of his business, Plaintiff kept at least ten "old antique cars" on his lot, which were out in the open but behind a privacy fence. Id.  On December 1, 2008, the City enacted the Junked Motor Vehicles Ordinance ("Ordinance"). (Answer, Ex. A).  The Ordinance prohibits the storage of inoperable automobiles on private property and outlines a process for having them declared a public nuisance after thirty days. Id.  The Ordinance also provides procedures for notice to the violator, a public hearing in municipal court, and the eventual removal of any vehicle constituting a public nuisance. Id.

Pursuant to the Ordinance, the City informed Plaintiff that the cars on his lot put him in violation. (Compl., Page 4).  He did not move the vehicles but, instead, wrote the City stating that he should be "grandfathered in," since the cars' presence on his lot predated passage of the ordinance. Id.  After properly noticing Plaintiff, the Municipal Court of the City held a hearing on August 12, 2009. (Answer, Ex. B.).  That court, in finding Plaintiff in violation of the Ordinance, determined that the more than twenty motor vehicles on his property constituted a public nuisance under the Ordinance. Id.  The order provided that if Plaintiff did not abate the nuisance within fifteen days, the City could do so, according to the detailed procedures set forth in the Ordinance (Answer, Ex. 13.).  Plaintiff did not bring his lot into compliance, and the City abated the nuisance on September 8, 2009, by hiring a wrecker company to remove some ten vehicles from Plaintiff's property. (Compl., para. 10).

The Complaint, submitted on September 21, 2009, attempts to bring federal suit by alleging that the City's actions were discriminatory in nature by targeting Plaintiff and that it would be unfair to apply the Ordinance to him since any violation existed before the Ordinance became effective. (Compl., para. 4).  To wit, Plaintiff alleges a "Violation of Grandfather Clause and Discrimination." Id.  Indeed, this solitary phrase apparently encompasses the sum of the

legal wrongs asserted by Plaintiff.  Plaintiff pleaded his claims on a form document intended for

use in Title VII employment discrimination cases. (Compl., para. 3).  Since Plaintiff claims no

past or present employer-employee relationship with the City, the Court presumes any reference

to Title VII of the Civil Rights Act of 1964 is either an inadvertent mistake or a simple

misunderstanding of the legal concepts involved.


## ANALYSIS

Defendants have moved to dismiss Plaintiff's Complaint on two grounds.  First,

Defendants contend that Plaintiff has failed to state a federal question and move to dismiss for

lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  As an

alternative basis for dismissal, Defendants contend that the complaint fails to state a claim for

which relief may be granted and move to dismiss under Rule 12(b)(6).

The Court finds that Plaintiff's extraordinarily sparse pleadings fail to state a claim for

which relief can be granted.  Because the content is indeed so thin, the Court has considered

whether the Complaint even raises a federal question.  See Taylor v. Appleton, 30 F.3d 1365,

1366 (11th Cir. Fla. 1994).  Ultimately, however, 12(b)(6) dismissal is the better approach here.


### A.      *Federal Rule of Civil Procedure 12(b)(1)*

The Supreme Court has provided guidance on differentiating between Rules 12(b)(1) and

12(b)(6) in the face of threadbare pleadings.  In determining which of these two rules is

applicable when very limited or incomplete information blurs the usual distinctions, lower

federal courts should generally assume subject matter jurisdiction and proceed to determine

whether the liberally construed complaint states a claim upon which the court could grant relief.

Bell v. Hood, 327 U.S. 678, 681-83 (1946) (excepting only claims that are "immaterial and made solely for the purpose of obtaining jurisdiction" or "wholly insubstantial and frivolous").

The Eleventh Circuit further encourages this approach. Williamson v. Tucker, 645 F.2d 404, 415 (5th Cir. Tex. 1981) (noting that where "defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case")[1].  This circuit has upheld a determination in favor of subject matter jurisdiction by the district court where the claim presents any plausible basis in federal law. Blue Cross & Blue Shield v. Sanders, 138 F.3d 1347, 1352 (11th Cir. Ala. 1998).  District courts have also been reversed for failing to find adequate subject matter jurisdiction. See  Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 734 (11th Cir. Fla. 1982) (reversing district court's 12(b)(1) dismissal and remanding for further discovery of jurisdictional facts); Lawrence  v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. Fla. 1990) (reversing 12(b)(1) dismissal where decision on jurisdiction would also necessarily require inquiry into claim's merits).

A district court should be even more reluctant to grant 12(b)(1) dismissal where plaintiff proceeds *pro se*. Simanonok v. Simanonok, 787 F.2d 1517, 1520 (11th Cir. Fla. 1986) (reversing dismissal under 12(b)(1) where unable to find inelegant, home drawn document completely devoid of merit under generous pleading standards theretofore established in circuit).  Two unpublished decisions further illuminate this principle. Abele v. Tolbert, 130 Fed. Appx. 342, 343 (11th Cir. Fla. 2005) (reversing district court dismissal for lack of subject matter jurisdiction

---

[1]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

under relaxed *pro se* standard, noting jurisdiction should have been assumed and cause of action judged on merits where several potential federal questions could be deduced from pleadings); McWilliams v. Escambia Charter Sch., 144 Fed. Appx. 840 (11th Cir. Fla. 2005) (finding Section 1983 claim by *pro se* plaintiff not so frivolous as to warrant dismissal for lack of federal question jurisdiction but noting complaint may nonetheless be subject to 12(b)(6) dismissal).

Occasionally, where a district court has opted for 12(b)(1) dismissal, the Eleventh Circuit has gently demurred and expressed its preference by affirming the dismissal on 12(b)(6) grounds. See Karnak Educational Trust v. Bowen, 821 F.2d 1517, 1520 (11th Cir. Fla. 1987) ("Although we find the question to be quite close, we cannot say that the plaintiffs' claim is so utterly frivolous that it cannot support federal jurisdiction. . . . Nevertheless . . . we conclude that the plaintiffs' claim is so clearly lacking in merit that it fails to state a cause of action." ); Marine Coatings of Alabama, Inc. v. United States, 792 F.2d 1565, 1568 (11th Cir. Ala. 1986) (finding court had subject matter jurisdiction and actually dismissed claim for failure to state claim).

Despite the clear preference for 12(b)(6), it is also possible for a district court to err by failing to dismiss a case for want of subject matter jurisdiction under Rule 12(b)(1). Ledford v. Peeples, 568 F.3d 1258, 1287 (2009) (reversing for abuse of discretion where securities fraud claim was wholly insubstantial and frivolous and so meritless that "no amendment of the complaint could possibly have cured its patent, and fatal, deficiency"). In this case, Plaintiff's inartful pleading in his Complaint may make the jurisdictional issue somewhat more difficult to assess, but his plain intent was to raise a federal question. No matter how unlikely, an amended complaint could potentially yield a cognizable federal claim, distinguishing it from Ledford.

The Court will take the preferred path of assuming jurisdiction in the matter. While Plaintiff's inherently vague and conclusory Complaint alludes to just the two possible claims of

"Violation of Grandfather Clause" and "Discrimination" and includes no statement of the grounds for jurisdiction, Plaintiff could have intended to assert several valid federal causes of action under the Fourteenth and Fifth Amendments of the United States Constitution.  As such, the Complaint does not appear "immaterial and made solely for the purpose of obtaining jurisdiction" or wholly insubstantial and frivolous.  A conclusive determination on these claims requires an investigation into the merits of the pleadings themselves, which takes the Court beyond mere consideration of the jurisdictional issue.  Finally, Plaintiff is *pro se* and thereby enjoys a relaxed standard with regard to a certain amount of imprecision and inelegance in his pleadings.  The Court, therefore, answers <u>Williamson</u>'s call to "find that jurisdiction exists and deal with the objection as a direct attack on the merits of plaintiff's case" since "defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action." <u>Id.</u> at 415.


**B.**     ***Federal Rules of Civil Procedure 12(b)(6)***

        Even assuming subject matter jurisdiction exists, the Complaint fails to articulate a claim on which the Court could grant relief.  Without more, conclusory allegations of "Violation of Grandfather Clause" and "Discrimination" are not cognizable federal causes of action.

        In considering dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a district court must accept the allegations set forth in the complaint as true and construe facts in the light most favorable to the plaintiff.  <u>See</u> <u>Kirby v. Siegelman</u>, 195 F.3d 1285, 1289 (11th Cir. 1999) (per curiam).  The Eleventh Circuit has traditionally held that "[t]he threshold sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low." <u>Ancata v. Prison Health Servs., Inc.</u>, 769 F.2d 700, 703 (11th Cir. 1985).

The Supreme Court, however, recently strengthened the motion to dismiss standard, indicating that "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face,'" which requires that the plaintiff plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).  This plausibility standard is not a probability requirement but demands "more than a sheer possibility that a defendant has acted unlawfully." Id.

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.  The court is "not bound to accept as true a legal conclusion couched as a factual allegation." Id.  "Bare assertions" that "amount to nothing more than a 'formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed as true." Id. at 1951.  As the court noted in Bell Atl. Corp. v. Twombly, a complaint need not have detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, but the facts provided must be more than labels and conclusions and "raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007).

The Court must limit its consideration to the complaint and its attachments.  See Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or (c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); GSW v. Long County, Ga., 999 F.2d 1508, 1510 (11th Cir. 1993) (stating "the court limits its consideration to the pleadings and exhibits attached thereto.").

The Court affords a *pro se* plaintiff wide latitude when construing his pleadings and papers. See SEC v. Elliott, 953 F.2d 1560, 1582 (11th Cir. 1992); see also Haines v. Kerner, 404

U.S. 519, 520 (1972) (holding *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").  Even so, a *pro se* litigant is not exempt from complying with relevant rules of procedural and substantive law.  See Wayne v. Jarvis, 197 F.3d 1098, 1104 (11th Cir. 1999); Clark v. Bibb County Bd. of Educ., 174 F. Supp. 2d 1369, 1371 (M.D. Ga. 2001).  Specifically, *pro se* pleadings must eventually conform with Rule 8 of the Federal Rules of Civil Procedure or face dismissal. Harris v. Ostrout, 65 F.3d 912, 915 n.3 (11th Cir. 1995) (upholding refusal to allow claimant to re-plead without showing of "extraordinary circumstances" after third amended complaint failed to cure earlier deficiencies).

Nor does this latitude given *pro se* litigants require the Court to re-write a deficient complaint. Peterson v. Atlanta Hous. Auth., 998 F.2d 904, 912 (11th Cir. 1993) (noting lack of any reference in complaint to actual injury and inherent vagueness in pleading terms like "due process" without further elaboration).  As a sister circuit has noted, "Judges are not like pigs, hunting for truffles buried in briefs." United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. Ill. 1991).

Plaintiff's Complaint provides no facts whatsoever that could take any alleged wrongdoing by the City from the realm of the possible to that of the plausible.  Bare assertions of "Violation of Grandfather Clause" and "Discrimination" are mere legal conclusions or, at best, legal labels couched as factual allegations and, under Iqbal, are entitled to no presumption of truth.  Plaintiff fails to recite the elements of any federal cause of action–formulaic or otherwise–and, therefore, presents no claim that is plausible on its face.  Even if accepted as true, the Complaint does not raise a right to relief above the speculative level.

Furthermore, the Court declines to engage in further speculation as to what legitimate federal causes of action, if any, may be available to Plaintiff.  For the Complaint to state one of

several potentially valid federal causes of action, the Court would need to re-draft Plaintiff's Complaint for him.  Even then, the Court could not supply the facts that would be necessary for the Complaint to survive a motion to dismiss.  Notwithstanding Plaintiff's *pro se* status, the Court need not re-write pleadings entirely devoid of legal sufficiency but must only construe the Complaint liberally in his favor.  Accordingly, the Court must dismiss the Complaint for failure to state a claim under Rule 12(b)(6).

## CONCLUSION

For the reasons explained above, Plaintiff's claims must be dismissed for failure to state a claim, or, in the alternative, for lack of proper subject matter jurisdiction.  Defendants' Motions to Dismiss this action are **GRANTED**.  Pursuant to controlling authority, Plaintiff's Complaint is **DISMISSED** without prejudice. See Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. Fla. 1991); Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. Ga. 2002) (overruling Bank generally but upholding its rule with regard to *pro se* litigants).

**SO ORDERED,** this 4th day of March, 2010.


S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE


THC/chw/ssh